* Writ of certiorari denied by Supreme Court November 28, 1938.
In application for rehearing defendant-appellant complains that, without sufficient evidence, we reached the conclusion that St. Cyr, the driver of defendant's truck, had completed his personal mission and, at the time of the accident, was on his way back toward the storage place provided by his employer for the truck which caused the damage. It is charged that there is no admissible evidence to sustain this conclusion and that, without such evidence, it would not be possible to hold defendant liable for the reason that it is well established that, where the servant of the defendant is shown to have departed from the course of his employment and to have undertaken a mission of his own, there arises the presumption that he has continued on his personal independent errand, unless there be evidence showing that he has completed that errand and has turned about in an attempt to re-enter the course of his employment and to further serve his master.
That this is an established doctrine appears from the following:
"* * * The fact having been established that Mitchell had abandoned his employer's business the very moment that he started on the mission for Volney Mitchell the burden was with the plaintiff to show that the independent errand had been accomplished, and that the servant was returning to resume his service with his employer; and this the plaintiff has failed to do." Glass v. Wise McAlpin, 155 La 477, 99 So. 409, 411.
"* * * if the plaintiff contends that he (the agent) had re-entered upon the business of his employer, the burden rests upon the plaintiff to establish such re-entry, i. e., that the independent errand had been accomplished and the driver was returning to resume his service with his employer's business.
 * * * * * * *
"If a plaintiff makes his prima facie proof by proving the relationship of the driver *Page 462 
to his employer, the burden of going forward with the evidence to establish a temporary departure shifts to defendant to show that the driver had abandoned the duties of his employment and had gone about some purpose of his own.
"If the proof shows such temporary deviation, the defendant's liability is suspended and the burden shifts back to the plaintiff to prove the reestablishment of liability by showing a resumption of his duties by the servant." Blashfield's Cyclopedia of Automobile Law, Permanent Edition, Vol. 9, § 6138, at pages 457, 458.
In the first place, the direction in which the truck was traveling at the time of the accident was, as we have already said, "slightly more towards than away from the point at which the automobile should have been stored", and, in the second place, immediately upon the happening of the accident, St. Cyr, the driver of the truck, is shown to have made the statement: "I am going to the garage".
It is true that when this statement was testified to by plaintiff it was objected to, as hearsay, by counsel for defendant. But the statement appears to us to have been the immediate and almost spontaneous utterance of the principal actor in the affair to such an extent as to actually constitute a part of the occurrence itself.
Counsel also protest that we cannot conclude that St. Cyr was the agent of the defendant until it be first otherwise shown that he was acting within the course of his employment and that his own statement that he was agent is not sufficient, and counsel point to the following extract from Wigmore on Evidence, Vol. 2, page 1279: "It may be noted that the fact of agency must of course be somehow evidenced before the alleged agent's declarations can be received as admissions; and therefore the use of the alleged agent's assertions that he is agent would for that purpose be inadmissible, as merely begging the very question."
But we have not accepted any assertion of agency made by St. Cyr. We fully realize that such an employee cannot bind his employer merely by a declaration that he, the employee, was acting as agent. But the statement, to which we point, made as a part of the occurrence itself, showing that St. Cyr had re-entered the course of his employment was not a statement that he was acting as agent. It was a statement of fact showing just what he was doing, and from this statement of fact we draw the legal conclusion that he was acting as defendant's agent. We therefore believe that the statement made constituted sufficient proof to justify the conclusion that St. Cyr had re-entered the employment and was on his way back to place the car in the garage.
The rehearing applied for is refused.
Rehearing refused.
 McCALEB, J., concurs in the refusal of the rehearing. *Page 530